# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

Q. LEE PITTARD, d/b/a
COMMERCIAL REAL ESTATE
DEVELOPMENT COMPANY,

      Plaintiff,

vs.                                                                            CIV 98-0191 JC/LFG

CAPITAL PACIFIC COMMUNITIES,
INC., aka CREATIVE DESIGN AND
MEDIA, INC., a Delaware Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came on for consideration of Defendant's Motion for Partial Summary Judgment, filed November 12, 1998 (Doc. No. 27). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Defendant's motion is well taken in part and will be **granted in part**.

**Background**

This case involves the sale of a ten-acre parcel of land that was zoned for apartment development in Santa Fe, New Mexico. Defendant originally contracted to buy the land from Plaintiff in July 1993, but was unable to close on the property and consequently forfeited $50,000 in earnest money.

After the first deal fell through, Plaintiff claims Defendant found a third-party purchaser who was willing to pay a premium price for the land. Plaintiff claims Defendant re-approached Plaintiff about buying the land, not revealing that there was a third-party purchaser.

Plaintiff claims that at this point, he was unwilling to sell the land without a "cut" in the prospective development of the land. Plaintiff contends Defendant convinced him to sell by agreeing to give Plaintiff a guaranteed development fee and a percentage of the overall cost savings.

Plaintiff claims Defendant never intended to develop the land and merely agreed to the development agreement to convince Plaintiff to sell. Under the development agreement, Defendant was not required to develop and could sell the property to an "unaffiliated" buyer without penalty. Plaintiff claims these actions breached the covenant of good faith and fair dealing and amount to fraud in the inducement.

**Analysis**

Defendant moves for summary judgment on Plaintiff's good faith and fair dealing claim. Defendant argues that Plaintiff's allegations arise from representations made during the negotiations period leading up to the development agreement. Defendant contends that such pre-contractual representations are not actionable under New Mexico's covenant of good faith and fair dealing action.

Defendant highlights that under the express terms of the development agreement, Defendant had the option to sell the property to an unaffiliated buyer without incurring the development fees. *See* Defendant's Motion Dower's Affidavit Ex. 3, ¶ 4 (Independent Contractor Agreement). Plaintiff does not challenge this aspect of the agreement but does contest Defendant's argument that a claim for good faith and fair dealing cannot exist for pre-contractual negotiations.

Under New Mexico law, "[w]hether there has been a breach of the covenant of good faith and fair dealing is a factual inquiry that focuses on the contract and what the parties agreed to." *Gilmore v. Duderstadt*, 125 N.M. 330 (Ct. App. 1998); *Watson Truck & Supply Company, Inc. v. Males*, 111 N.M. 57, 60 (1990). Although the outer boundaries of the New Mexico good faith action are not crystal clear, it is evident that the action must derive from an actual agreement between parties. "The implied covenant of good faith and fair dealing requires that neither party do anything that will injure the rights of the other to receive the benefit of their agreement." *Id.* In this case, Plaintiff's allegations revolve around negotiations leading up to a development agreement. These allegations do not coincide with the express terms of the contract. Consequently, Plaintiff's breach of the duty of good faith and fair dealing claim will be denied.

Defendant next argues that summary judgment should be granted on Plaintiff's prima facie tort claim. Defendant argues that Plaintiff has made no allegations, and can offer no evidence, that Defendant acted with an intent to injure Plaintiff. Under New Mexico law a "[p]rima facie tort occurs when a lawful act is conducted with an intent to injure and without sufficient economic or societal justification, resulting in injury." *Silverman v. Progressive Broadcasting, Inc.*, 964 P.2d 61, 71 (N.M. Ct. App. 1998). "The generally recognized elements of prima facie tort adopted by [the New Mexico Supreme Court] are: (1) an intentional and lawful act; (2) an intent to injure the plaintiff; (3) injury to the plaintiff as a result of the intentional act; (4) and the absence of sufficient justification for the injurious act." *Lexington Ins. Co. v. Rummel*, 123 N.M. 774, 777 (1997).

In this case, Plaintiff has made no allegation that Defendant acted with "an intent to injure." Additionally, Plaintiff failed to respond to this argument in his response brief. *See* Plaintiff's

3

Response Brief at 7-9. Plaintiff has offered no evidence, and made no allegation, of the second element of a prima facie tort claim. Consequently, Plaintiff's prima facie tort claim will be dismissed.

Defendant's final argument is that the compensatory damages Plaintiff seeks are too speculative and should not be considered at trial. I do not accept this argument. If Plaintiff's assertions about Mr. Dickason's statements are correct, *see* Plaintiff's Response at 9, the compensatory damages may not be speculative. Therefore, I will deny Defendant's motion to dismiss the measure of compensatory damages.

IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment, filed November 12, 1998 (Doc. No. 27) is **granted in part**. Plaintiff's claims for breach of the covenant of good faith and fair dealing and prima facie tort are dismissed.

DATED December 30, 1998.

_____
CHIEF UNITED STATES DISTRICT JUDGE


Counsel for Plaintiff:	Brad L. Hays
	Law Office of Brad L. Hays, LLC
	Rio Rancho, New Mexico


Counsel for Defendant:	Norman S. Thayer
	Sutin, Thayer & Browne
	Albuquerque, New Mexico